Nos. 18-2826, 18-2937

———————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

———————————

DUSTIN JOHN HIGGS,
*PLAINTIFF-APPELLEE/CROSS-APPELLANT,*

v.

UNITED STATES PARK POLICE,
*DEFENDANT-APPELLANT/CROSS-APPELLEE.*

———————————

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:16-cv-96, Hon. Jane Magnus-Stinson, Chief J.

———————————

## APPELLEE'S REPLY BRIEF

Leigh Skipper, Esq.
Chief Federal Defender
Matthew Lawry
Aren Adjoian
Cristi Charpentier
Elizabeth Hadayia
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Wilmer Cutler Pickering Hale
& Dorr, LLP
5 Roland Mews
Baltimore, MD 21210
410-532-8405

Dated: March 6, 2019

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................ii

ARGUMENT ....................................................................................... 1

I.    THE GOVERNMENT FAILED TO MEET ITS BURDEN TO
PROVE THAT EXEMPTION 7(D) APPLIES.................................. 1

    A.    Introduction........................................................................ 1

    B.    The Nature of the Crime at Issue is Insufficient by Itself
to Support Exemption 7(D). .............................................. 3

    C.    The Information Provided About the Sources' Relation
to the Crime is Inadequate. .............................................. 6

    D.    The District Court Did Not Make, and the Record Does
Not Support, a Finding as to Segregability........................ 9

CONCLUSION ................................................................................. 14

# TABLE OF AUTHORITIES

**Federal Cases**                                                       **Page(s)**

*Church of Scientology Int'l v. U.S. Dep't of Justice*, 30 F.3d 224
(1st Cir. 1994) ........................................................................... 8

*Ctr. for Biological Diversity v. OMB*, No. 07-4997, 2008
WL 5129417 (N.D. Cal. Dec. 4, 2008) .................................. 13

*Dep't of Air Force v. Rose*, 425 U.S. 352 (1976) ..................... 1

*Edmonds Inst. v. U.S. Dep't of the Interior*, 383 F. Supp. 2d 105
(D.D.C. 2005) ......................................................................... 13

*Hale v. U.S. Dep't of Justice*, 99 F.3d 1025 (10th Cir. 1996) ........ *passim*

*Hulstein v. Drug Enf't Admin.*, 671 F.3d 690 (8th Cir. 2012) ............ 5, 6

*Kimberlin v. Dep't of Justice*, 139 F.3d 944 (D.C. Cir. 1998) .............. 10

*King & Spalding LLP v. U.S. Dep't of Health & Human Serv.*,
330 F. Supp. 3d 477 (D.D.C. 2018) ....................................... 8

*Krikorian v. Dep't of State*, 984 F.2d 461 (D.C. Cir. 1993) ................ 10

*Lawyers' Comm. for Civil Rights v. U.S. Dep't of the Treasury*,
No. 07-2590, 2008 WL 4482855 (N.D. Cal. Sept. 30, 2008) ................. 13

*Mays v. Drug Enf't Admin.*, 234 F.3d 1324 (D.C. Cir. 2000) ............. 5, 6

*Nat'l Res. Def. Council v. U.S. Dep't of Defense*, 388 F. Supp.
2d 1086 (C.D. Cal. 2005) ....................................................... 13

*Pac. Fisheries Inc. v. United States*, 593 F.3d 1143
(9th Cir. 2008) ........................................................................ 12, 14

*Patterson v. IRS*, 56 F.3d 832 (7th Cir. 1995) ..................... 1, 10, 12, 13

*Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, (D.C. Cir. 1991) ...... 10

*Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803 (9th Cir. 1995) ............. 8

*Roth v. U.S. Dep't of Justice*, 642 F.3d 1161 (D.C. Cir. 2011) ............... 2

*Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106 (D.C. Cir. 2007) ....... 10

*U.S. Dep't of Justice v. Landano*, 508 U.S. 165 (1993) ......................... 2

*Willammette Indus., Inc. v. United States*, 689 F.2d 865
(9th Cir. 1982) ........................................................................ 13

**Federal Statutes**

5 U.S.C. § 552 ................................................................ 1

**State Cases**

*Hale v. State*, 750 P.2d 130 (Okla. Crim. App. 1988) ............................. 3

# ARGUMENT

## I. THE GOVERNMENT FAILED TO MEET ITS BURDEN TO PROVE THAT EXEMPTION 7(D) APPLIES.

### A. Introduction

Mr. Higgs brought this FOIA suit "to open agency action to the light of public scrutiny." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). Specifically, he sought to "shine a light" on the prosecuting agencies' dealings with investigators and prosecutors in the State of Maryland, who were investigating a separate homicide in which the key witness against Mr. Higgs—Victor Gloria—was present, and in which Gloria was implicated. His FOIA request thus sought both to inform the public about potential government misconduct, and to uncover matters of substantive law enforcement policy.

As it has done throughout the course of this litigation, the government relies on conclusory assertions to support its reliance on Exemption 7(D), 5 U.S.C. § 552(b)(7)(D). It does not meet, or even expressly accept, its burden of demonstrating that it was entitled to rely on the claimed exemption. *Patterson v. IRS*, 56 F.3d 832, 836 (7th Cir. 1995). Here, it argues that the agency was entitled to claim Exemption 7(D) based on the nature of the crime committed and boilerplate

1

assertions about the sources at issue. For the reasons set forth in the Principal and Response Brief and herein, the government errs.

Whether Exemption 7(D) applies here is governed by the Supreme Court's decision in *U.S. Dep't of Justice v. Landano*, 508 U.S. 165 (1993). In *Landano*, the Court rejected the government's argument that an assurance of confidentiality should be inferred "whenever a source cooperates with the FBI in a criminal investigation." *Id.* at 174. Instead, courts applying *Landano* decide on a case-by-case basis whether to infer an implied assurance of confidentiality, based *inter alia* on factors such as the "character of the crime at issue," the "source's relation to the crime," whether the source received payment, and whether the source has an "ongoing relationship with the Bureau." *Id.* at 179.

In *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161 (D.C. Cir. 2011), the court distilled from *Landano* four factors to be considered in evaluating claims that Exemption 7(D) applies. *Id.* at 1184. The government apparently concedes that the third and fourth factors (payment and ongoing relationship/manner of communication with the agency) do not apply here. Resp. and Reply Br. 47-48. It nevertheless contends that the first factor (nature of the crime) is enough standing

alone to support Exemption 7(D), and that it has provided enough information to establish the second factor (source's relation to the crime). For the reasons that follow, the government's arguments as to those two factors are without merit, and the district court therefore erred in granting summary judgment.[1]

> **B.** **The Nature of the Crime at Issue is Insufficient by Itself to Support Exemption 7(D).**

The government first argues that the "character of the crime at issue" is by itself enough here to infer an implied assurance of confidentiality. Resp. and Reply Br. 44-45 (citing cases). The decisions cited by the government, however, do not support its position.

The first decision cited by the government, *Hale v. U.S. Dep't of Justice*, 99 F.3d 1025 (10th Cir. 1996), supports Mr. Higgs, not the government. The facts of the crime in *Hale* involved the kidnapping for ransom and murder of a bank manager. *See Hale v. State*, 750 P.2d

---

[1] The government also says that Mr. Higgs is arguing that the government must establish all four factors to support a claim of Exemption 7(D). Resp. and Reply Br. 47. That is inaccurate. With no showing whatsoever as to the third and fourth factors, however, the government must at least establish the first two factors. As we show here, it has failed to do so.

130, 133-34 (Okla. Crim. App. 1988). As a general matter, the Tenth

Circuit indicated that the "nature of the crime alone" will rarely support

an inference of confidentiality: "[I]n the absence of an express

agreement of confidentiality, the 'nature of the crime' will ordinarily

support an inference of confidentiality *only* when there are discrete

aspects of the crime that make it particularly likely that a source

reasonably would fear reprisal." *Hale*, 99 F.3d at 1031 (emphasis

supplied). The court gave several examples of such crimes. Most of those

are irrelevant here, but the government points out that the court

included some "unusually cruel or gruesome crimes of violence." *Id.*

While the court did not give any further definition to that

example, it rejected the argument that the example applied to the

violent murder and kidnapping at issue in *Hale*:

> Here, we have a violent crime involving kidnaping and murder. Further, it took place in a small Oklahoma town where apparently most everyone knew everyone else, and thus the interviewees would likely be known to any involved individuals. In addition, the nature of the crime was such that at the time of the interviews, it could not be known whether the crime was the act of a single individual or the concerted act of several individuals. On the other hand, there was no allegation by the government nor evidence of a public perception at the time of the interviews that this crime involved an organization such as a gang or extremist group with a persistent existence and propensity for violence. Nor is

there any evidence that there were threats of retaliations issued against actual or potential sources. The crime was a single, discrete crime with an apparent economic motive. Thus, considerations related to the nature of the crime cut in both directions as to the likelihood that the interviewees expected anonymity when talking to law enforcement personnel.

*Id.* at 1031-32.

Accordingly, the court ruled that any justification for the withholding would have to be "grounded on the source's relation to Hale or the crime rather than solely upon the nature of the crime alone." *Id.* at 1033. The government makes no attempt to show why the same conclusion should not be reached here. Indeed, some of the circumstances here are less favorable to the government's position. For example, the crime here took place in an urban setting, not in a "small Oklahoma town where apparently most everyone knew everyone else, and thus the interviewees would likely be known to any involved individuals." *Id.* at 1031.

The other two decisions cited by the government—*Mays v. Drug Enf't Admin.*, 234 F.3d 1324 (D.C. Cir. 2000), and *Hulstein v. Drug Enf't Admin.*, 671 F.3d 690 (8th Cir. 2012)—both relate to conspiracies to distribute cocaine. In *Mays*, the court analogized an organized

conspiracy to distribute cocaine to a conspiracy to overthrow the government "when undertaken by a criminal enterprise with a record of violence," *Mays*, 234 F.3d at 1329 (citing *Williams v. FBI*, 69 F.3d 1155, 1159-60 (D.C. Cir. 1995)), or to a "murderous street gang." *Id.* at 1330; *see also Hulstein*, 671 F.3d at 695 (quoting and relying on *Mays*).

Thus, *Mays* and *Hulstein* treated cocaine trafficking as an offense similar to the first two examples given in *Hale*—"gang-related crime[s] of violence" and "a crime taking place within some other potentially violent organizational context." *Hale*, 99 F.3d at 1031 (citing *Landano* and *Williams*). The organizational context of *Mays* and *Hulstein* is lacking in this case, which involves a violent offense committed impulsively after an afternoon and evening of drinking and smoking marijuana. Therefore, the nature of the crime is insufficient by itself to support the government's claim as to Exemption 7(D).

C.  **The Information Provided About the Sources' Relation to the Crime is Inadequate.**

The agency may carry its burden "by submitting affidavits that describe the justification for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014) (citation and quotation marks omitted). The agency has failed to do so.

Instead, the agency has relied on vague and general assertions with respect to all of the sources concerning their "proximity" to Mr. Higgs and the "singular nature" of the information they provided. Resp. and Reply Br. 46 (citing GA 27-28). The government contends that is all that is required. *Id.* at 45-47 (citing *Labow v. U.S. Dep't of Justice*, 831 F.3d 523, 532 (D.C. Cir. 2016)). The government errs.

It is true that the court in *Labow* permitted the FBI to withhold a single page of one document based on implied assurances of confidentiality, relying in part on a rather vague declaration regarding the source's relationship to the crime. *Id.* at 531-32. But it did so only after the district court had conducted an in camera review, *id.* at 526, and on a very narrow issue concerning a single record emanating from a single source.

In contrast to *Labow*, here there has been no in camera review, and sixteen pages of information provided by an unknown number of

"individuals" has been withheld in whole or in part. *See* GA 4-5, 9

(number of pages withheld), 27-28 (referring in the plural to

"individuals" who provided information to the FBI). Here, the agency

has improperly relied on generalized assertions regarding multiple

documents from multiple sources.

It is well established that *Landano* requires a "document-specific

and source-specific inquiry." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d

803, 814 (9th Cir. 1995). Here, the agency's declarations did not permit

such an inquiry. Moreover, the agency relied on generic assertions, such

as that the sources "provided information that was singular in nature,"

(GA 27) rather than providing any specific details. As a result, "absent

more facts, the court is in no position to evaluate the validity of [the

claims about the nature of the information] or the proximity of the

source[s] to the crime." *King & Spalding LLP v. U.S. Dep't of Health &*

*Human Serv.*, 330 F. Supp. 3d 477, 494 (D.D.C. 2018).[2]

---

[2] The government asserts that Mr. Higgs "mistakenly" relies on *Church of Scientology Int'l v. U.S. Dep't of Justice*, 30 F.3d 224 (1st Cir. 1994), in support of this argument. Resp. and Reply Br. 46 n.9. Mr. Higgs is not mistaken. In *Church of Scientology Int'l*, the court contrasted *Vaughn* index entries, similar to those here, that failed to disclose the "specific nature of the factors urged in support" of an implied assurance of confidentiality," *id.* at 239, with those that did

In the absence of in camera review or any document-specific and source-specific facts, the agency's general assertion about the sources' relation to the crimes is insufficient to carry the agency's burden.

### D. The District Court Did Not Make, and the Record Does Not Support, a Finding as to Segregability.

Mr. Higgs previously pointed out that the district court did not make a finding as to segregability. Principal and Resp. Br. 50. The government contends that the district court did find segregability, pointing to two statements by the district court concluding that the withholding was proper under Exemption 7(D). Resp. and Reply Br. 49 (citing SA 17 & n.7). The government errs.

In its Order, the district court used the term "segregable" a single time, SA 31, in connection with the ballistics reports (as to which it granted summary judgment to Mr. Higgs). SA 31-33. The government nevertheless contends that the district court made a "segregability finding," Resp. and Reply Br. 50, when it found that the FBI properly withheld records under Exemption 7(D). SA 17 & n.7.

---

provide a "rationale for the inference of confidentiality," citing entries with specific facts such as "threats of harm and harassment." *Id.* at 239 n.24.

A finding that records were properly withheld, however, is no substitute for a specific finding of segregability, which is what is required:

> Before approving the application of a FOIA exemption, the district court must make *specific findings of segregability* regarding the documents to be withheld. If the district court approves withholding without such a finding, remand is required even if the requester did not raise the issue of segregability before the court.

*Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007) (emphasis supplied) (citations omitted).

The District of Columbia Court of Appeals has long so held. *See, e.g., Kimberlin v. Dep't of Justice*, 139 F.3d 944, 950 (D.C. Cir. 1998); *Krikorian v. Dep't of State*, 984 F.2d 461, 467 (D.C. Cir. 1993); *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) ("[I]t is error for a district court to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof." (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979))). This Circuit has expressly adopted that authority. *See Patterson*, 56 F.3d at 840 (district court errs if it "'approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof'" (quoting *Krikorian*)).

The district court here did precisely what this Circuit and the D.C. Circuit have said it could not do—approve the withholding of entire documents without a specific finding on segregability. The government's bare assertion to the contrary is insubstantial.

Even if the district court had made a finding of segregability, there is not an adequate factual basis for such a finding.[3] Even now, the government does not point to any factual basis for a finding of segregability. Instead, it argues that its Vaughn index and declarations support a finding that Exemption 7(D) applies. Resp. and Reply Br. 50-52. Even if Exemption 7(D) applied (but see § I.C, *supra*), the question whether portions of the documents are segregable *is a separate issue* from whether the exemption applies:

---

[3] As shown in Principal and Resp. Br. 24-25, that is the governing standard. The government argues that a district court's decision not to review material in camera is reviewed for abuse of discretion. Resp. and Reply Br. 5, 49-51. This is true, but misses the point. Mr. Higgs's argument is not that the district court erred because it did not conduct in camera review, but that it erred because the government's filings did not support a finding of segregability (had the district court made one). The fact that Mr. Higgs requested in camera review below and suggested it as an appropriate course on remand, Principal and Resp. Br. 51, does not change the issue he raised into whether the district court should have conducted in camera review.

Under § 552(b), "[a]ny reasonabl[y] segregable portion of the record" must be disclosed. *See PHE, Inc. [v. Dep't of Justice],* 983 F.2d [248,] 252 (D.C. Cir. 1993) ("non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."). The IRS is not entitled to withhold an entire document if only "portions" of the [document] contain information which is exempt. Perhaps the exempt information is so intertwined with the non-exempt that it cannot be segregated. Yet, the [agency's] Declaration did not even offer the type of "general conclusion" about the segregability of the exempt information which was rejected as inadequate in *Church of Scientology Int'l v. United States Dep't of Justice,* 30 F.3d 224, 231 (1st Cir. 1994).

*Patterson*, 56 F.3d at 840 (all brackets after first added) (citation omitted).

The government's brief here does not meaningfully address the issue of segregability. Below, it offered only the kind of "general conclusion" about segregability that this Circuit found inadequate in *Patterson*.

The burden is on the *agency* to establish that all reasonably segregable portions of a document have been segregated and disclosed. *Pac. Fisheries Inc. v. United States,* 593 F.3d 1143, 1148-49 (9th Cir. 2008) ("Courts must apply that burden with an awareness that the plaintiff, who does not have access to the withheld materials, is at a distinct disadvantage in attempting to controvert the agency's claims").

Non-exempt portions of a document must be disclosed unless the court finds that they are inextricably intertwined with exempt portions to such a degree that separating the two would "impose significant costs on the agency and produce an edited document with little informational value." *Willammette Indus., Inc. v. United States*, 689 F.2d 865, 867-68 (9th Cir. 1982) (citing *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977)).

Conclusory affidavits as to segregability are insufficient. *Patterson, supra*.[4] The agency's submission below contained exactly that type of conclusory affidavit. *See* GA 31-32. Therefore, the record

---

[4] *See also Ctr. for Biological Diversity v. OMB*, No. 07-4997, 2008 WL 5129417, at *9 (N.D. Cal. Dec. 4, 2008) (denying summary judgment because agency used "boilerplate segregability language without a 'detailed justification' for the withholding of the portions of exempt records"); *Lawyers' Comm. for Civil Rights v. U.S. Dep't of the Treasury*, No. 07-2590, 2008 WL 4482855, at *10 (N.D. Cal. Sept. 30, 2008) (same; agency relied on conclusory assertion that there was no reasonably segregable information); *Nat'l Res. Def. Council v. U.S. Dep't of Defense*, 388 F. Supp. 2d 1086, 1106 (C.D. Cal. 2005) (same; burden not met where agency relied on a "boilerplate statement . . ., which conclusorily asserts [that] all reasonably segregable information has been released"); *Edmonds Inst. v. U.S. Dep't of the Interior*, 383 F. Supp. 2d 105, 110 (D.D.C. 2005) (directing defendant to produce more detailed Vaughn index because its "generalized paragraph on segregability does not suffice").

was insufficient to support any finding as to segregability (assuming the district court had made one, which it did not), because the agency did not "provide [the requester] or the district court with specific enough information to determine whether the [agency] had properly segregated and disclosed factual portions of those documents that the [agency] claimed were exempt . . . ." *Pac. Fisheries*, 539 F.3d at 1149.

## CONCLUSION

For the foregoing reasons, this Court should reverse the judgment of the district court with respect to the FBI's withholdings under Exemption 7(D).

Respectfully submitted,

/s/ Matthew Lawry  
Matthew Lawry  
Aren Adjoian  
Cristi Charpentier  
Elizabeth Hadayia  
Assistant Federal Defenders  
Federal Community Defender Office  
Eastern District of Pennsylvania  
Suite 545 West – The Curtis Center  
Philadelphia, PA 19106  
215-928-0520  

Stephen H. Sachs  
Wilmer Cutler Pickering Hale  
& Dorr, LLP  
5 Roland Mews  
Baltimore, MD 21210  
410-532-8405

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 28.1(e)(2)(C) and Seventh Circuit Rule 32(a)(7)(B) because it contains approximately 3000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5),the type style requirements of Fed. R. App. P. 32(a)(6), and Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Century.

/s/ Matthew C. Lawry
Matthew C. Lawry

## CERTIFICATE OF SERVICE

I, Matthew Lawry, hereby certify that on March 6, 2019, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. I further certify that I will cause 15 paper copies of the brief to be received by the Clerk within seven days of the Notice of Docket Activity generated upon acceptance of the brief, in compliance with Seventh Circuit Rule 31(b) and ECF Procedure (h)(2).

Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Matthew C. Lawry
Matthew C. Lawry